## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  Case No.<br>) |
| MAXAC, LLC,<br>9435 E. Central<br>Building 200<br>Wichita, KS 67206 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| FAMILY AUTO GROUP, LLC<br>d/b/a FAMILY MITSUBISHI,<br>7337 W. 33rd Street North<br>Wichita, KS 67205 | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff United States Liability Insurance Company (hereinafter "USLI"), by and through their undersigned counsel, and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201 against Defendants Maxac, LLC (hereinafter "Maxac") and Family Auto Group, LLC d/b/a Family Mitsubishi ("hereinafter "Family Auto"), hereby states and alleges as follows:

### Parties, Jurisdiction, and Venue

1. USLI is an insurance company organized and existing under the laws of the state of Pennsylvania, with its principal place of business in the state of Pennsylvania and, for purposes of diversity jurisdiction, USLI is a citizen of Pennsylvania.

2. USLI is authorized to conduct insurance business in Kansas by the Kansas Insurance Department.

3. Upon information and belief, Defendant Maxac is a limited liability company organized and existing under the laws of the state of Kansas, with its principal place of business in Wichita, Sedgwick County, Kansas and, for purposes of diversity jurisdiction, Maxac is a citizen of Kansas. Maxac may be served with process by and through its registered agent, Maxine Cole, at its registered office, 6405 E. Kellogg, Suite 30, Wichita, Kansas 67207.

4. Upon information and belief, Family Auto is a limited liability company organized and existing under the laws of the state of Kansas, with its principal place of business in Wichita, Sedgwick County, Kansas, and for purposes of diversity jurisdiction, Family Auto is a citizen of Kansas. Family Auto may be served with process by and through its registered agent, Danielle Sanders, at its registered office, 7337 W. 33rd Street North, Wichita, Kansas 67205.

5. Defendants are subject to personal jurisdiction in this District, and are subject to the Court's specific and general jurisdiction, pursuant to due process, on the grounds that they either reside in the state of Kansas, regularly conduct or solicit business in the state of Kansas, engage in other persistent courses of conduct, and/or derive substantial revenue from the sale of goods and services to persons or entities in the state of Kansas.

6. The United States District Court for the District of Kansas maintains jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 exclusive of interests and costs, and the action is between citizens of different states.

7. The United States District Court for the District of Kansas maintains jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 2201(a), because this Complaint for

Declaratory Judgment seeks the judicial declaration of the rights, status, and legal relations of and among the parties with regard to contracts of insurance and because an actual case or controversy of a justiciable nature exists among the parties.

8. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of events giving rise to this dispute occurred in said judicial district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(3).

9. Venue is proper in the Wichita Division of the United States District Court for the District of Kansas.

## COUNT I – DECLARATORY JUDGMENT

10. USLI incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 9 of this Complaint for Declaratory Judgment.

11. USLI issued to Maxac an insurance policy identified as Policy Number CP 1714799, effective November 25, 2019 to November 25, 2020 (hereinafter the "Policy"). (A true copy of the Policy is attached hereto as Exhibit "A").

12. The Policy Declarations identify the "Business Description" of Maxac as "Vacant Building without Renovation."

13. The Policy includes a Commercial Property Coverage Part and a Commercial General Liability Coverage Part.

14. The Policy's Commercial General Liability Coverage Declarations state the location of all premises the insured owns, rents or occupies is 6411 E. Kellogg, Wichita, Kansas and the Classification is "Vacant Buildings – not factories – Other than Not-for-Profit."

15. The Policy contains a Commercial General Liability Coverage Form which includes the following particularly pertinent terms and conditions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

   a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of … "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for … "property damage" to which this insurance does not apply.

   …

16. The Policy contains the following Endorsement:

   **CLASSIFICATION LIMITATION ENDORSEMENT**

   Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.

   No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy.

   All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

17. The Policy contains the following Endorsement:

   **ENDORSEMENT #6**

   This endorsement, issued by [USLI] to [Maxac] forms a part of [the Policy] effective on 1/30/2020 …

   **Add Coverage**

   **COMMERCIAL GENERAL LIABILITY COVERAGE PART**

   **COVERAGES:**

   Classification

Contractors – subcontracted work – in connection with renovating Vacant Buildings

18. The only Classifications listed in the Policy were Vacant Buildings and Contractors, subcontracted work, in connection with renovating Vacant Buildings.

19. The Policy contains the following Endorsement:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

Premises:

Project Or Operation:

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

A. If this endorsement is attached to Commercial General Liability Coverage Form CG 00 01, the provisions under this Paragraph A. apply:

1. Paragraph 1. b. under Section I – Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:

b. This insurance applies to … "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

(1) The … "property damage":

(a) Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

(b) Arises out of the project or operation shown in the Schedule; …

5

20. The premises referred to in the Limitation of Coverage/Designated Premises Endorsement is the premises described in the Policy Declarations as 6411 E. Kellogg, Wichita, Kansas.

21. Upon information and belief, Family Auto operates a franchise car dealership at 6601 E. Kellogg, Wichita, Kansas (hereinafter the "dealership").

22. On or about April 1, 2020, Family Auto entered into a Lease Agreement with Maxac wherein Family Auto agreed to lease from Maxac certain real property west of the dealership premises. The street address of the real property leased by Family Auto from Maxac is identified in the Lease Agreement as 6501 E. Kellogg, Wichita, Kansas (hereinafter the "parking lot"). (A true copy of the Lease Agreement is attached hereto as Exhibit "B").

23. Upon information and belief, Family Auto uses the parking lot to store and display its vehicle inventory and for parking service vehicles and employee vehicles.

24. On or about October 1, 2020, Max Cole, a principal of Maxac, instructed Alberto (Eddie) Hernandez to paint the exterior of the building at 6401/6411 E. Kellogg, Wichita, Kansas.

25. On or about February 19, 2021, Family Auto filed an action in the District Court of Sedgwick County, Kansas styled *Family Auto Group LLC d/b/a Family Mitsubishi, Plaintiff v. Maxac, LLC, Defendant,* Case No. 2021-CV-000320-TO (hereinafter the "Underlying Lawsuit").

26. Family Auto alleges that on or about October 9, 2020, Maxac negligently and/or recklessly caused paint overspray damage to Family Auto's vehicles on the parking lot.

27. Family Auto alleges that as a direct and proximate result of Defendant's negligent and/or reckless conduct Family Auto has suffered damages in excess of $75,000.

28. Maxac has tendered Family Auto's claims for paint overspray damage to Family Auto's vehicles that were stored on the parking lot to USLI for defense and liability coverage under the Policy.

29. USLI is currently providing Maxac with a defense to Family Auto's claims under a full reservation of rights.

30. The Policy provides that USLI will pay those sums that Maxac becomes legally obligated to pay as damages because of property damage to which the insurance provided by the Policy applies; and, USLI will have the right and duty to defend Maxac against any suit seeking those damages.

31. The Policy provides that USLI will have no duty to defend Maxac against any suit seeking damages for property damage to which the insurance provided by the Policy does not apply.

32. The Policy limits coverage to only those Classifications listed in the Policy and the Classifications listed in the Policy are Vacant Buildings and Contractors in connection with renovating Vacant Buildings.

33. There is no coverage under the Policy for property damage to vehicles owned by Family Auto because the alleged damage to Family Auto's vehicles was caused by operations of the insured that are outside the Classifications identified in the Policy.

34. The Policy limits coverage for property damage caused by an occurrence that takes place in the coverage territory only if the property damage occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises.

35.     There is no coverage under the Policy for property damage to vehicles owned by Family Auto because the vehicles allegedly damaged by paint overspray were not on the premises shown in the Policy or the grounds and structures appurtenant to those premises.

**WHEREFORE**, Plaintiff USLI respectfully prays that the Court: (i) enter judgment in favor of USLI and against Defendants on Count I of this Complaint for Declaratory Judgment; (ii) declare that USLI does not owe and has never owed Defendant Maxac a duty to defend it against the claims asserted by Defendant Family Auto against Defendant Maxac; (iii) declare that Plaintiff USLI does not owe Defendant Maxac a duty to indemnify it for the claims asserted by Defendant Family Auto against Defendant Maxac, or for any judgment that may be entered on such claims; and (iv) grant to Plaintiff USLI such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**FOLAND, WICKENS, ROPER, HOFER AND CRAWFORD, P.C.**

*/s/ Scott D. Hofer*
SCOTT D. HOFER #15787
WILLIAM F. LOGAN #16349
1200 Main Street, Suite 2200
Kansas City, Missouri 64105
Telephone: (816) 472-7474
Facsimile: (816) 472-6262
Email: shofer@fwpclaw.com
Email: llogan@fwpclaw.com
*ATTORNEYS FOR PLAINTIFF*
*UNITED STATES LIABILITY INSURANCE COMPANY*