IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES LIABILITY INSURANCE COMPANY,

    Plaintiff,

v.    Case No. 21-1133-JWB

MAXAC, LLC and FAMILY AUTO GROUP, LLC
d/b/a FAMILY MITSUBISHI,

    Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Plaintiff's response to the order to show cause. (Doc. 6.) For the reasons stated herein, this matter is dismissed for lack of subject matter jurisdiction.

According to the complaint, Plaintiff is an insurance company with its principal place of business in Pennsylvania. Plaintiff issued a business insurance policy to Defendant Maxac. On April 1, 2020, Maxac and Defendant Family Auto entered into a lease agreement wherein Family Auto leased the parking lot of real property owned by Maxac. Family Auto then used the parking lot to store and display its vehicle inventory. According to Plaintiff, the address of the leased property was not the same address as the premises described in the Policy Declarations. On or about October 1, 2020, Maxac painted the exterior of its building at the address identified on the policy. Family Auto alleged that this conduct resulted in damage to its vehicles on the leased parking lot. On February 19, 2021, Family Auto filed suit against Maxac in Sedgwick County District Court. (Doc. 1 at 6.) Maxac tendered Family Auto's claim to Plaintiff for defense and liability coverage. Plaintiff is providing Maxac with a defense in the state court litigation under a full reservation of rights. (*Id.* at 7.)

1

Plaintiff filed this complaint for declaratory judgment pursuant to 28 U.S.C. § 2201 on May 20, 2021. Plaintiff seeks a declaratory judgment that there is no coverage under the policy and that it does not owe Maxac a duty to defend it against the claims asserted by Family Auto nor does it owe Maxac a duty to indemnify it for the claims and/or a potential judgment entered against Maxac. The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "The Declaratory Judgment Act does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996) (internal citations omitted).

Plaintiff's complaint alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the parties are diverse and the amount in controversy exceeds $75,000. (Doc. 1 at 2.) In the complaint, however, the citizenship allegations are conclusory. Plaintiff alleges that Maxac is a limited liability company ("LLC") organized and existing under the laws of the state of Kansas, with its principal place of business in Kansas. Plaintiff then states that "for purposes of diversity jurisdiction, Maxac is a citizen of Kansas." (*Id.*) With respect to Family Auto, Plaintiff alleges that it is also an LLC organized and existing under Kansas law with its principal place of business in Kansas. Plaintiff concludes that "for purposes of diversity jurisdiction, Family Auto is a citizen of Kansas." (*Id.*) These allegations are conclusory.

After reviewing the complaint, Magistrate Judge James ordered Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction. (Doc. 5.) Plaintiff has now filed a response to the show cause order. Plaintiff's response is insufficient to satisfy this court that it has jurisdiction over this matter.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). In determining citizenship for diversity purposes, a corporation is a citizen of the state where it is incorporated and where its principal place of business is located. *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). With respect to LLCs, the citizenship is determined by each member of the LLC. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

In reviewing the complaint and Plaintiff's corporate disclosure statement, the court finds that Plaintiff has set forth sufficient allegations to conclude that it is a citizen of Pennsylvania. (Doc. 4.) Therefore, Plaintiff has the burden to allege that Defendants are not citizens of Pennsylvania. In its response to the order to show cause, Plaintiff asserts that the annual report filed by Family Auto identifies Dennis Sanders as the "only member of Family Auto who owns 5% or more of capital." (Doc. 6 at 1.) Plaintiff states that the address for Sanders is located in

Wichita, Kansas, and, upon information and belief, Sanders works at Family Auto in Wichita, Kansas. Therefore, Sanders' domicile is in Kansas and Family Auto is a citizen of Kansas. With respect to Maxac, Plaintiff states that the only member of Maxac that owns 5% or more capital is the Max A. Cohen Testamentary Trust (the "trust"). (*Id.* at 2.) Plaintiff then states that the trust address is in Wichita, Kansas, although Plaintiff has no information regarding the citizenship of the trustee and/or beneficiaries. Plaintiff seeks discovery to identify the trustee(s) of the trust and beneficiaries in order to determine whether the parties are diverse.

The court declines to allow Plaintiff to conduct jurisdictional discovery as Plaintiff's allegations and the response to the show cause order are insufficient to support jurisdiction. Notably, although this circuit, and every other circuit to address the issue, requires the citizenship of all members of an LLC to be included to determine diversity, Plaintiff wholly failed to make any allegations regarding the members of the Defendant LLCs. Rather, Plaintiff identified Kansas as the place of business for both LLCs and then stated that the Defendant LLCs are Kansas citizens for diversity purposes. Plaintiff's response to the show cause order has identified one member of each LLC and Plaintiff makes the assumption that these are the only members of the LLCs. The fact that these members own 5% or more of the LLCs does not mean that Family Auto and Maxac have no other members. *See PTI Grp., Inc. v. Gift Card Impressions, LLC*, No. CA 14-2063-CM, 2015 WL 630561, at *2 (D. Kan. Feb. 12, 2015). Plaintiff offers no explanation for this position and does not seek discovery to determine if there are additional members owning less than 5% of the Defendant LLCs. (*See* Doc. 6 at 3)("Plaintiff requests this Court give Plaintiff a full opportunity to obtain evidence from Maxac to demonstrate the citizenship of the trustee(s) and beneficiary or beneficiaries of the Trust.") All of the members of an LLC must be included in order to determine that complete diversity exists. *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234.

4

Based on the information provided by Plaintiff, the court cannot conclude that it has subject matter jurisdiction over this matter. Moreover, Plaintiff's limited discovery request will not satisfy the court regarding its obligation because Plaintiff has not sought discovery to identify all members of both LLCs. While these LLCs may only have one member, the information submitted by Plaintiff is not conclusive on this issue.

Because federal courts are courts of limited jurisdiction, the Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). The court declines to allow the limited discovery identified by Plaintiff as the complaint fails to sufficiently allege the citizenship of Defendants and the response to the show cause order is insufficient for the reasons set forth herein. *See Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010) ("the burden of demonstrating a legal entitlement to jurisdictional discovery – and the related prejudice flowing from the discovery's denial – [is] on the party seeking the discovery.")

This matter is DISMISSED, without prejudice, for the reasons set forth herein.

IT IS SO ORDERED. Dated this 22nd day of June, 2021.

                                                                               s/ John W. Broomes
                                                                               JOHN W. BROOMES
                                                                               UNITED STATES DISTRICT JUDGE